IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHUONG VAN DUONG, | ) | |
| Reg. No. 42786-177, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:19-CV-117-WHA-CSC |
| | ) | [WO] |
| WARDEN WOOD, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

This case is before the Court on a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Chuong Van Duong ["Duong"]. At the time he filed the Petition, Duong was incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 151-month prison sentence for violations of 21 U.S.C. § 846, Conspiracy to Possess with Intent to Distribute Crack Cocaine, and 2 U.S.C. § 841(a)(1), Possession with Intent to Distribute Crack Cocaine. Doc. 13-1 at 3. Duong argues in this Petition that he meets the eligibility requirements found in 34 U.S.C. § 60541(g) for early release to home confinement under the First Step Act of 2018.[1] Consequently, Duong seeks an order directing the Bureau of Prisons ("BOP") to transfer him to home confinement to serve the remaining portion of his imposed sentence less any earned good time earned. Doc. 1.

---

[1] Pub. L. No. 115–391, §§ 504, 603, 132 Stat. 5194 (2018).

1

Respondent filed a Response and supporting evidentiary materials arguing the Petition is due to be dismissed because Duong failed to exhaust his available administrative remedies through the BOP prior to filing his Petition. Doc. 13. Respondent also argues the Petition is due to be denied because Duong is entitled to no relief on his claims. *Id.* The Court granted Duong an opportunity to respond to Respondent's Response but he did not do so. Review of the Court's docket and information obtained from the BOP's website reflect Duong was released from custody during the pendency of this action.[2]

## II. DISCUSSION

**A.    Jurisdiction & Venue**

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Duong claims he is entitled to serve the remaining portion of his imposed sentence on home confinement under the First Step Act because he meets the eligibility requirements under 34 U.S.C. § 60541(g). Doc. 1 at 9–10.  Since Duong challenges the execution of his sentence, his claim is proper under 28 U.S.C. § 2241.  And "[j]urisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Thus, venue is proper before this Court as Duong was incarcerated in this district when he filed the Petition. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241 petition for habeas corpus relief

---

[2] Available at https://www.bop.gov/inmateloc/ (last visited August 24, 2021).

"may be brought only in the district court . . . in which the inmate is incarcerated."); *Brown v. Warden of FCI Williamsburg*, 2019 WL 1780747, at *2 (D.S.C. Mar. 25., 2019), *Report and Recommendation adopted*, 2019 WL 1773382 (D.S.C. Apr. 23, 2019) (finding "[a] petition under § 2241 must be brought against the warden of the facility where the prisoner is being held [at the time he files the petition], 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. [426,] 434–35 (2004), and 'in the district of confinement rather than in the sentencing court,' [*U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).]").

**B.     Mootness**

To obtain relief in this habeas action, Duong must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484 U.S. 193, 199 (1988).  For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief

cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461, 1462 (11th Cir. 1987); *American Rivers v. Nat'l Marine Fisheries Service,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if: (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Duong's ultimate objective in filing this action was to be transferred to home confinement to serve the remaining portion of his imposed sentence. Duong has since been released from custody, however, and the Court cannot give him meaningful habeas relief on his claim nor is there any allegation Duong would be subject to any future adverse consequences related to his claim for relief. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Because there is no longer a case or controversy to litigate, Duong's request for habeas relief is moot and the Petition is due to be dismissed. *See United States ex rel. Graham v. United States Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984)

(finding that challenge to parole regulation mooted by release on parole as a favorable decision would not entitle petitioner to any additional relief).

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Chuong Van Duong be DISMISSED with prejudice as moot.

The parties may file objections to the Recommendation **on or before September 8, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 25th day of August 2021.

    /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE